IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE ANTONIO RAMOS RIVERA, | |
| *Petitioner*, | Civil Action No. 3:26-cv-1168 |
| v. | Hon. William S. Stickman IV |
| LEONARD ODDO, *et al*, | |
| *Respondents*. | |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner is currently detained at Moshannon Valley Processing Center. He is a native and citizen of El Salvador who illegally entered the United States on an unknown date at an unknown place. In 2006, he was convicted of driving under the influence ("DUI") in Florida. (ECF No. 9-2). In 2011, he was convicted a second time of DUI in Pennsylvania. (*Id.*). Most recently, in February 2026, the Bensalem Police Department charged Petitioner with committing simple assault and harassment. (*Id.*). On June 8, 2026, Petitioner was taken into immigration custody. (ECF No. 1).

The Laken Riley Act mandated that immigration authorities detain aliens who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, S. 5, 119th Cong. (2025). 8 U.S.C. § 1226(c) now provides that the Attorney General "***shall*** take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement

1

officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018).

Petitioner has been charged with simple assault and harassment in violation of Pennsylvania law. As such, he is subject to mandatory detention under § 1226(c).[1] Petitioner's ongoing detention serves the purported immigration purpose for which § 1226(c) was enacted as his detention prevents him from engaging in further criminal activity that rendered him subject to § 1226(c). If Petitioner believes that he is not subject to mandatory detention, he can certainly seek a hearing pursuant to *Gayle v. Monmouth County Correction Institution*, 12 F.4th 321 (3d Cir. 2021) in immigration court where an immigration judge can determine if § 1226(c) applies to require detention. If he is found not to be properly included within § 1226(c), he may then seek release on bond. And, as a final point, the Court would note the it agrees with Respondents

---

[1] The Supreme Court of the United States has held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Immigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted). Courts within this circuit have repeatedly recognized that detention approaching or exceeding six months without an opportunity for individualized review raises serious constitutional concerns. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475–476 (3d Cir. 2015) (explaining that detention becomes suspect as it moves beyond six months); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (observing that Congress doubted the constitutionality of detention longer than six months). The Court holds that Petitioner's detention has not become unreasonable as he has been in immigration detention for less than two months.

(*see* ECF No. 9, p 6) that Petitioner's status as a TSP applicant does not insulate him from detention.[2]

AND NOW, this 24th day of July 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[2] The TPS program "provides humanitarian relief to foreign nationals in the United States who come from specified countries." *Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021). Once granted, TSP status provides a noncitizen with certain benefits "for as long as the TPS designation lasts." *Id*. at 412; *see also* 8 U.S.C. §§ 1254a(a)(1), (d)(4). Section 1254a(a)(4)(B) extends some benefits to TPS applicants, but those benefits "are protection from removal from the United States and an employment authorized endorsement or other appropriate work permit. That is all." *Geincharles v. Rokosky*, No. 26-cv-0150, 2026 WL 266093, at *2 (D.N.J. Feb. 2, 2026) (cleaned up); *see also* 8 U.S.C. § 1254a(a)(1). By its plain language, § 1254a(d)(4) only applies to noncitizens who are TPS recipients. TPS applicants are protected from removal while their applications are being considered, but not detention.